Docusign Envelope ID: 1CBF9927-ED47-4C35-90CB-9281BFD12044

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

"IN ADMIRALTY"

| | |
|---|---|
| YACHT MANAGEMENT SOUTH FLORIDA, INC., a Florida corporation,<br><br>      Plaintiff,<br><br>v.<br><br>M/Y ZIPPY, a 1996 70.8' Falcon Motor Yacht bearing Hull Identification Number FLNTPL83A196, its engines, equipment, tackle, furnishings, and other appurtenances, etc., *in rem*, HOWARD C. BRAND III and TAMMY L. BRAND, *in personam*,<br><br>      Defendants. | Case No. |

## VERIFIED COMPLAINT[1]

Plaintiff, Yacht Management South Florida, Inc., by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby sues the Defendant Vessel, M/Y *Zippy*, a 1996 70.8' Falcon Motor Yacht with Hull Identification Number FLNTPL83A196, its engines, equipment, tackle, furnishings, and other appurtenances, etc., *in rem*, and Defendants, Howard C. Brand III and Tammy L. Brand, *in personam*, and states:

## JURISDICTION AND VENUE

1.     This action is brought under the admiralty and maritime jurisdiction of the Court pursuant to Federal Rule of Civil Procedure 9(h) and 28 U.S.C. § 1333.

---

[1] The undersigned previously filed an action on behalf of Yacht Management South Florida, Inc. against these Defendants concerning unpaid invoices for earlier repair work performed on the vessel M/Y Zippy. See *Yacht Management South Florida, Inc. v. M/Y Zippy et al.*, Case No. 25-cv-61613 (S.D. Fla.). That action was voluntarily dismissed after the parties resolved the claims asserted in that case. The claims asserted in the present action arise from separate repairs and services performed on the vessel after the resolution of the prior matter.

Docusign Envelope ID: 1CBF9927-FD47-4C35-99CB-9281BFD12044

2.      Plaintiff, Yacht Management South Florida, Inc. ("Plaintiff"), is a Florida corporation, located at 3001 West State Road 84, Fort Lauderdale, Florida 33312.

3.      Defendant Vessel, M/Y *Zippy* ("Defendant Vessel"), is a 1996 70.8' Falcon Motor Yacht bearing Hull Identification Number FLNTPL83A196.

4.      Defendants, Howard C. Brand III and Tammy L. Brand ("Brands"), are Alabama residents, located at 2800 Churchbell Court, Mobile, Alabama 36695.

5.      The Court has personal jurisdiction over the Defendant Vessel based on its location within the Southern District of Florida.

6.      The Court has personal jurisdiction over the Brands based on the mandatory forum selection clause in the vessel service agreement attached hereto as **Exhibit A**.

7.      The Court also has personal jurisdiction over the Brands based on their substantial and not isolated activity within Florida, including, but not limited to, owning, operating, and maintaining the Defendant Vessel within Florida.

8.      All conditions precedent to filing this action have been performed or waived.

## FACTUAL ALLEGATIONS

9.      The Brands own the Defendant Vessel as joint tenants with right of survivorship.

10.     On April 8, 2025, the Brands, by and through their authorized agent and representative, Captain John Rogers, entered into a written maritime contract with Yacht Management for the provision of labor, materials, and other necessaries on the Defendant Vessel. A true and correct copy of the contract is attached hereto as **Exhibit A**.

11.     Yacht Management provided valuable labor, materials, and other necessaries on the Defendant Vessel in accordance with the contract.

12.     The labor, materials, and other necessaries provided by Yacht Management included storage, utilities, labor, and painting materials for the Defendant Vessel.

Docusign Envelope ID: 1CBF9927-ED47-4C35-90CB-9281BED12044

13. The labor, materials, and other necessaries provided by Yacht Management are described in the invoices attached hereto as **Exhibit B**.

14. The labor, materials, and other necessaries were approved by the Brands.

15. The labor, materials, and other necessaries were approved by Captain John Rogers.

16. Captain John Rogers was authorized to procure labor, materials, and other necessaries for the Defendant Vessel.

17. The labor, materials, and other necessaries were provided at a reasonable price.

18. The labor, materials, and other necessaries were of a high quality.

19. The labor, materials, and other necessaries were useful to the Defendant Vessel.

20. The labor, materials, and other necessaries were provided on the credit of the Defendant Vessel.

21. Yacht Management submitted invoices to the Brands for the labor, materials, and other necessaries provided on the Defendant Vessel.

22. The Brands have rejected multiple requests for payment, leaving an unpaid balance of $50,281.49.

23. The unpaid balance will continue to increase during the pendency of this action as additional storage and utility charges accrue.

24. In light of the foregoing, Yacht Management possesses a maritime lien for necessaries on the Defendant Vessel.

25. Yacht Management engaged the undersigned counsel to file this action and is obligated to pay counsel a reasonable fee for legal services in this case.

<u>COUNT I</u>
<u>FORECLOSURE OF MARITIME LIEN FOR NECESSARIES</u>
*(Yacht Management v. Defendant Vessel)*

26. Yacht Management realleges and incorporates by reference Paragraphs 1-25 herein.

27.     Pursuant to 46 U.S.C. § 31342, Yacht Management possesses a maritime lien for necessaries on the Defendant Vessel in the sum of $50,281.49.

28.     Pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, Yacht Management seeks to foreclose its maritime lien for necessaries.

**WHEREFORE,** Plaintiff, Yacht Management South Florida, Inc., respectfully requests the following relief:

a.     Process issue against the Defendant Vessel, its engines, equipment, tackle, furnishings, and other appurtenances, etc., *in rem*.

b.     All persons having or claiming an interest in the Defendant Vessel be required to appear and answer the aforesaid matters.

c.     Yacht Management be decreed to have a lien upon the Defendant Vessel as alleged herein, and that said lien be foreclosed with law and that the Defendant Vessel be condemned and sold in payment of the outstanding amount due, in addition to all other sums owed, and that Yacht Management be permitted to bid the amount of its lien at the sale of the Defendant Vessel.

d.     The Court further award Yacht Management the total amount due, plus prejudgment interest and costs of this action, and that Plaintiff be permitted to recover same from the Defendant Vessel, *in rem*.

**COUNT II**
**BREACH OF MARITIME CONTRACT**
*(Yacht Management v. Brands)*

29.     Yacht Management realleges and incorporates by reference Paragraphs 1-25 herein.

30.     This is a cause of action for breach of maritime contract against the Brands, jointly and severally.

31.     On April 8, 2025, the Brands, by and through their authorized agent and representative, Captain John Rogers, entered into a written maritime contract with Yacht

4

Docusign Envelope ID: 1CBF9927-ED47-4C35-90CB-9281BED12044

Management for the provision of labor, materials, and other necessaries on the Defendant Vessel. A true and correct copy of the contract is attached hereto as **Exhibit A**.

32.     Yacht Management performed as required by the contract by providing valuable labor, materials, and other necessaries on the Defendant Vessel.

33.     The Brands materially breached the contract by failing to pay the balance owed to Yacht Management in the amount of $50,281.49, plus additional storage and utility charges that will accrue during the pendency of this action.

34.     Yacht Management has been damaged because of the foregoing material breach.

35.     The Brands are liable for all attorneys' fees and costs expended by Yacht Management pursuant to the contract.

**WHEREFORE,** Plaintiff, Yacht Management South Florida, Inc., demands judgment against Defendants, Howard C. Brand III and Tammy L. Brand, jointly and severally, for damages, including interest, costs, and attorneys' fees, and for other and further relief that is just and proper.

Dated: March 4, 2026

Respectfully submitted,

**FIORILLI LAW GROUP, P.A.**
*Attorneys for Plaintiff*
3001 West State Road 84, Third Floor
Fort Lauderdale, Florida 33312
Office: (954) 797-7719
Direct: (561) 727-9337
E-mail: justin@fiorillilaw.com
E-mail: isaiah@fiorillilaw.com

*/s/ Justin S. Fiorilli*
**JUSTIN S. FIORILLI, ESQ.**
Florida Bar No. 111481

5

## VERIFICATION

I, **JOSHUA KERRIGAN**, declares under penalty of perjury:

1.      I am over eighteen (18) years of age.

2.      I am the President of Yacht Management South Florida, Inc., the Plaintiff in the above-styled action.

3.      I have read the Verified Complaint and know the contents thereof, and the same is true to my own knowledge, except as to matters therein stated to be upon information and belief, and as to those matters, I believe them to be true.

4.      I am authorized to make these representations on behalf of Yacht Management South Florida, Inc.

5.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**FURTHER DECLARANT SAYETH NAUGHT.**

Signed by:

_____
Joshua Kerrigan, President


3/4/2026
_____
Date